UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Criminal Action No. 05-cr-00325-REB-07

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

7.  RICHARD MARTINEZ,

       Defendant.

_____

**ORDER**

_____

**Blackburn, J.**

      The matter before me is defendant's **Motion to Suppress Intercepted Wire Communications** [#180], filed March 27, 2006.  By this motion, defendant contends that evidence derived from the wiretaps procured in this case should be suppressed pursuant to 18 U.S.C. § 2518(10)(a) because the wiretaps were unnecessary and because the government did not exert reasonable efforts to minimize the extent of the surveillance conducted pursuant to the wiretaps.  By way of response, the government has submitted a single paragraph in which it asserts that the intercepted calls that are subject to the motion do not include any conversations in which defendant participated.

      The government's response leaves the court nonplused.  It may be that the government intends to assert that defendant does not have standing to contest the wiretap, but such an argument would appear to be wrong because defendant was actually named in the wiretap orders as a target of the investigation.  *See* 18 U.S.C. § 2510(11) ("aggrieved party" with standing to contest wiretap "means a person who was

a party to any intercepted . . . communication *or a person against whom the interception was directed*") (emphasis added); 18 U.S.C. § 2518(1)(b)(iv) (requiring that wiretap application specify "the identity of the person, if known, committing the offense and whose communications are to be intercepted"); **see also United States v. Faulkner**, 439 F.3d 1221, 1223 (10th Cir. 2006).[1]  If the government intended to convey some other meaning, then its intended meaning is not apparent to the court.  Moreover, the government's failure to address the substantive issues raised by the motion leaves the court unable to determine adequately whether the evidentiary hearing requested by defendant is necessary to resolve the motion.  An expanded, supplemental response is required to enable the court to intelligently address the issues raised by the motion.

**THEREFORE, IT IS ORDERED** as follows:

1. That the government **SHALL FILE** a supplemental response to defendant's **Motion to Suppress Intercepted Wire Communications** [#180], filed March 27, 2006, by **Friday, September 8, 2006**; and

2. That, in addition to any other issues, including, but not limited to, standing, which the government wishes to raise, the supplemental response **SHALL ADDRESS** the substantive issues raised by defendant's motion to suppress, including, but not limited to, whether the wiretaps were unnecessary and whether the government made

---

[1] It appears that the standing requirement may be interpreted more narrowly in other circuits to confer standing only as to persons whose conversations were intercepted or on whose premises the wiretap occurred.  **See, e.g.**, **United States v. Cruz**, 594 F.2d 268, 273 (1st Cir.), **cert. denied**, 100 S.Ct. 205 (1979); **United States v. Wright**, 524 F.2d 1100, 1102 (2nd Cir. 1975); **United States v. King**, 478 F.2d 494, 506 (9th Cir.), **cert. denied**, 94 S.Ct. 111 (1973), **and cert. denied**, 94 S.Ct. 2628 (1974).  **See also United States v. Scasino**, 513 F.2d 47, 49-50 (5th Cir. 1975) (declining to address whether defendants had standing as persons named in the wiretap order).  Such does not appear to be the state of the law in this circuit, however, and the government's cursory and cryptic response gives the court no basis for concluding otherwise.

reasonable efforts to minimize the extent of the surveillance conducted pursuant to the wiretaps.

Dated August 4, 2006, at Denver, Colorado.

                                            **BY THE COURT:**

                                            **s/ Robert E. Blackburn**
                                            **Robert E. Blackburn**
                                            **United States District Judge**