**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Criminal Action No. 05-cr-00325-REB-07

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

7.  RICHARD MARTINEZ,

      Defendant.

_____

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS**
**INTERCEPTED WIRE COMMUNICATIONS**
_____

**Blackburn, J.**

The matter before me is defendant's **Motion to Suppress Intercepted Wire Communications** [#180], filed March 27, 2006.  I deny the motion.

"The Defendant, pursuant to 18 USC § 2518(10), moves to exclude from use as evidence at trial any and all intercepted wire and electronic communications and any evidence derived therefrom because the orders authorizing the interceptions or continuances of interceptions were insufficient in that the applications and affidavits filed by the Government failed to satisfy the necessity requirement." *See* Motion at 7. Specifically, defendant contends as follows: 1) that defendant ". . . has standing to challenge the validity of the wiretaps as an 'aggrieved person' under 18 U.S.C. § 2510(11)," *see* Motion at 4; 2) that the wiretaps were unnecessary because normal or conventional investigative techniques were efficacious, *see* Motion at 4-5; 3) that ". . . the extension of the Target Telephone Two wiretap was unnecessary," *see* Motion at 6;

4) that ". . . the government did not make sufficient efforts to minimize conversations eavesdropped upon through use of the wiretaps," *see* Motion at 6; and 5) that defendant is entitled to an evidentiary hearing, *see* Motion at 6-7.

In resolving the issues raised by and inherent to defendant's motion, I have judicially noticed all relevant adjudicative facts in the file and record of this action *pro tanto*; I have reviewed carefully the relevant wiretap affidavits and resultant orders; and I have considered carefully all reasons stated, arguments advanced ,and authorities cited by defendant in his motion and the government in its responses.

On the issue of standing, I find and conclude that defendant has standing because he was actually named in the wiretap orders as a target of the investigation. *See* 18 U.S.C. § 2510(11) ("aggrieved party" with standing to contest wiretap "means a person who was a party to any intercepted . . . communication *or a person against whom the interception was directed*") (emphasis added); 18 U.S.C. § 2518(1)(b)(iv) (requiring that wiretap application specify "the identity of the person, if known, committing the offense and whose communications are to be intercepted"); *see also* **United States v. Faulkner**, 439 F.3d 1221, 1223 (10th Cir. 2006).[1]

Having concluded that defendant has standing, I determine now the proper standard of review applicable to the wiretap orders at issue. I conclude as a matter of

---

[1] It appears that the standing requirement may be interpreted more narrowly in other circuits to confer standing only as to persons whose conversations were intercepted or on whose premises the wiretap occurred. See, e.g., **United States v. Cruz**, 594 F.2d 268, 273 (1st Cir.), **cert. denied**, 100 S.Ct. 205 (1979); **United States v. Wright**, 524 F.2d 1100, 1102 (2nd Cir. 1975); **United States v. King**, 478 F.2d 494, 506 (9th Cir.), **cert. denied**, 94 S.Ct. 111 (1973), **and cert. denied**, 94 S.Ct. 2628 (1974). See also **United States v. Scasino**, 513 F.2d 47, 49-50 (5th Cir. 1975) (declining to address whether defendants had standing as persons named in the wiretap order). However, such does not appear to be the state of the law in this circuit.

law that the proper standard of review is whether the judicial officer granting the wiretap application and issuing the wiretap or extension order abused his discretion in the determination of whether the wiretap application satisfied the necessity requirement of 18 U.S.C. § 2518(1)(c). **United States v. Ramirez-Encarnacion**, 291 F.3d 1219, 1222 (10th Cir. 2002).

After conducting a thorough review of the record, I find and conclude that Chief Judge Babcock and Judge Kane did not abuse their discretion in their respective determinations of whether the wiretap applications for the three target telephone numbers[2] satisfied the necessity requirement of 18 U.S.C. § 2518(1)(c) as to each wiretap or extension[3] ordered here. This finding and conclusion vitiates defendant's lack of necessity argument.

Defendant's failure to minimize argument fails also. It implodes essentially for lack of factual circumstantiation. Defendant's one paragraph, four-sentence argument is as follows:

> Further, the Government did not make sufficient efforts to minimize conversations eavesdropped upon through use of the wiretaps. Government agents must act reasonably "...to refrain from monitoring conversations deemed non-pertinent to the investigation." U.S. v. Willis, 890 F.2d 1099, 1101 (10th Cir. 1989). The Court must determine reasonableness based on the facts of the case. Id. In this case the Government failed to act reasonably when minimizing the conversations involving Mr. Martinez, eavesdropped upon through use of the wiretaps.

*See* Motion at 6. An opening and closing sentence of conclusion with the legal

---

[2] The three target telephone numbers are identified with particularity by defendant, *see* Motion at 2-3, under the rubric of <u>SUBJECT CELLULAR TELEPHONE SUMMARIES</u>, and by the government, *see* Response [#273] at 2.

[3] The wiretap order for "Subject Telephone Two" was extended for 30 days by order entered by Judge Kane on June 7, 2005. *See* Motion at 3.

standards sandwiched in between is insufficient to state and preserve issues of material fact for hearing.[4] Here the only specific allegation of fact is that ". . . the Government failed to act reasonably when minimizing the conversations involving Mr. Martinez, eavesdropped upon through use of the wiretaps." *See* Motion at 6. However, my review of the record indicates that none of defendant's calls was intercepted.

Finally, concerning whether defendant is entitled to an evidentiary hearing, I find and conclude that he is not for two reasons.  First, my holding that abuse of discretion, as opposed to de novo review, is the proper standard of review obviates presumptively the need for the receipt of evidence beyond that contained in the wiretap applications, affidavits, and orders. Second, defendant has not made the substantial preliminary showing required to trigger a **Franks** hearing. *See* **Franks v. Delaware**, 438 U.S. 154 (1978);  Therefore, no further hearing is required or proper.

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant's **Motion to Suppress Intercepted Wire Communications** [#180], filed March 27, 2006, **IS DENIED** without evidentiary hearing;[5] and

2. That the court shall conduct a telephonic motions' setting conference on **January 8, 2007, at 10:00 a.m.**, to reset for hearing defendant's **Motion To Suppress**

---

[4] "To warrant an evidentiary hearing, the motion to suppress must raise factual allegations that are 'sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact ... are in issue.' " **United States v. Chavez-Marquez**, 66 F.3d 259, 261 (10th Cir.1995) (quoting **United States v. Walczak**, 783 F.2d 852, 857 (9th Cir.1986)). "A defendant who requests a hearing bears the burden of showing that there are disputed issues of material fact." **Id**. (quoting **United States v. Woods**, 995 F.2d 713, 715 (7th Cir.1993) (citations omitted)). *See also* **United States v. Barajas-Chavez**, 358 F.3d 1263, 1266-1267 (10th Cir. 2004); **United States v. Sandoval**, 390 F.3d 1294, 1301 (10th Cir. 2004).

[5] In further support of my ruling, I approve, adopt, and incorporate the reasons stated, arguments advanced, and authorities cited by the government in their responses, *see* [#205] and [#273].

**Search of Defendant's Vehicle (Cadillac Escalade)** [#175], and **Motion To Suppress Stop** [#179]; provided, furthermore, counsel for the government shall arrange, schedule, coordinate, and initiate the conference call necessary to facilitate the setting conference.

Dated December 22, 2006, at Denver, Colorado.

                                  **BY THE COURT:**

                                  **s/ Robert E. Blackburn**
                                  **Robert E. Blackburn**
                                  **United States District Judge**