UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Number: 05-cr-00325-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

7. RICHARD PAUL MARTINEZ,

    Defendant.

_____

ORDER DENYING UNOPPOSED MOTION TO
ADMIT DEFENDANT TO BOND [#432]
_____

Magistrate Judge Nina Y. Wang

    This matter is before the court on Defendant Richard Paul Martinez' Unopposed Motion to Admit Defendant to Bond [#432]. The court has reviewed the Motion, the Supervised Release Violation Report [#426 (restricted)], and the Original Order of Detention issued on January 2, 2015. The court also heard argument from counsel during a hearing on June 12, 2015.

    In making my findings of fact, I take judicial notice of the information contained in the court file. Weighing the factors applicable under Rule 32.1(a)(6), I find the following:

    Defendant argues, and the Government confirms, that one of the nine violations alleged, namely the second degree assault in Adams County has been dismissed with prejudice. [#432 at ¶ 3]. Defendant also argued at the hearing (but not in his papers) that he is unable to get the first charge for violation of law dismissed because he is in federal custody. Unfortunately, neither through his filing nor at the hearing did Defendant have any evidence of that position. Defendant concedes that the possible penalty range, even without the second degree assault charge, is 5-11

months.  He has been confined since December 29, 2014, and therefore argues that even if Judge Blackburn finds that he should be sentenced to further incarceration, that he has already likely served that amount in presentence confinement.  However, that assumes that Judge Blackburn would only sentence Defendant to the minimum penalty, <u>and</u> also not find violations of law based on the two criminal charges.

Revocations of supervised release are made by District Judges using a preponderance of the evidence standard.  *United States v. Cordova*, 461 F.3d 1184, 1186 (10th Cir. 2006).  There is no right to a jury trial, and no right to be found "guilty beyond a reasonable doubt."  *Id.*  Therefore, Judge Blackburn may find that Defendant violated the terms of his supervised release for all nine asserted counts, regardless of whether Defendant is ever convicted by a state court of those charges.  Judge Blackburn has already heard evidence with respect to the alleged law violations. [#428].  A final revocation hearing is set before Judge Blackburn on June 26, 2015 at 11:00 a.m. [#434].  At that time, Defendant will have an opportunity to make the same arguments to Judge Blackburn as to whether there is evidentiary support for the violations of the terms of his supervised release and what the appropriate range of sentence might be, in light of the Guidelines.

Judge Boland originally ordered the Defendant detained not only because of the alleged conduct that was subject to the second degree assault charge, but also because the allegations were that while on home detention, Defendant used illegal drugs, consumed alcohol, and had contact with a person in violation of a state court restraining order.  The court further notes that one of the alleged violations is leaving the jurisdiction without permission of the Probation Officer.  Given the these additional grounds and the fact that a final revocation hearing is set in

two weeks, the court declines to modify the terms of Defendant's presentence detention at this time.

Therefore, IT IS ORDERED that the Unopposed Motion to Admit Defendant to Bond [#432] is DENIED.

DATED:  June 12, 2015

BY THE COURT:

s/ Nina Y. Wang
United States Magistrate Judge